misUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OFFICIAL BRANDS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-2199-B |
| | § | |
| ROC NATION SPORTS, LLC and ROC | § | |
| NATION, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Roc Nation Sports, LLC's (RNS) Renewed 12(b)(2) Motion

to Dismiss Based on Lack of Personal Jurisdiction (Doc. 37). For the reasons that follow, the Court

**GRANTS** the Motion.

## I.

## BACKGROUND

This case is based on Defendants Roc Nation, LLC (Roc Nation) and RNS's alleged

interference with a contract between Plaintiff Official Brands, Inc. and Dallas Cowboys wide receiver

Dez Bryant. The Court has chronicled these facts more than once, so an in-depth recitation is

unnecessary. *See* Docs. 24, Mem. Op. & Order 1–2; 25, Mem. Op. & Order 1–2. To summarize,

however, Plaintiff Official Brands is a Florida corporation and Defendant RNS is a Delaware limited

liability company. Doc. 1-4, Original Pet. ¶¶ 2–3. According to Plaintiff, it signed a contract with

Bryant, acting on behalf of his company Dez I Enterprises, in 2014 to develop and market his

proposed brand, known as "Throw up the X." *Id.* ¶¶ 11–12. The contract was to run from July 1,

- 1 -

2014 until June 30, 2016. *Id.* ¶ 12. But in February 2015, Bryant terminated the contract and "ceased all contact with" Plaintiff. *Id.* ¶ 22. The reasons behind the relationship's abrupt end are the subject of this litigation, as Plaintiff alleges that Roc Nation and RNS improperly influenced Bryant's decision.

RNS and Roc Nation disagree. Accordingly, each filed a motion to dismiss. Roc Nation moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Doc. 4, Roc Nation's Mot. Dismiss, or Alternatively, Mot. for More Definite Statement. The Court granted in part and denied in part that Motion. *See* Doc. 25, Mem. Op. & Order.

RNS, for its part, asserted that the Court lacked personal jurisdiction over it and moved to dismiss Officials Brand's claims under Federal Rule of Civil Procedure 12(b)(2). *See* Doc. 6, RNS's Mot. Dismiss. The Court determined that Plaintiff failed to carry its burden to show that the Court could exercise specific jurisdiction over RNS. Doc. 24, Mem. Op. & Order 8. Nevertheless, the Court denied RNS's Motion—the progenitor to the Motion at hand here—without prejudice and allowed Plaintiff to conduct jurisdictional discovery "limited to the issue of RNS's electronic communications with Bryant and where such communications were received" for three months. *Id.* at 10.

One month after that discovery deadline expired, RNS re-urged its personal jurisdiction argument by filing this Motion. Doc. 37, RNS's Renewed Mot. Dismiss. Plaintiff responded. Doc. 42, Pl.'s Resp. to Def.'s Renewed Mot. Dismiss [hereinafter Pl.'s Resp.]. And RNS replied. Doc. 43, RNS's Reply to Pl.'s Resp. [hereinafter RNS's Reply].

Independent of those filings, Roc Nation moved for summary judgment a month later. Doc. 44, Roc Nation's Mot. Summ. J. Plaintiff filed a Response, Roc Nation a Reply. Docs. 49, Pl.'s Resp.

to Roc Nation's Mot Summ. J.; 52, Roc Nation's Reply Opp'n Pl.'s Resp. to Mot. Summ. J. So at first

glance, there appeared to be two unrelated dispositive motions pending, one filed by each Defendant.

But then Plaintiff filed its Supplemental Response to Defendants'[1] Renewed Motion to Dismiss for

Want of Jurisdiction. Doc. 58 [hereinafter Pl.'s Suppl. Resp.]. In it, Plaintiff alleges that Defendants

are inextricably tied together. *Id.* at 4–5. Thus according to Plaintiff, RNS's jurisdictional complaint

was waived by virtue of Roc Nation moving for summary judgment. *See id.* at 3–6. RNS contested

that characterization and moved to strike Plaintiff's Supplemental Response to its Renewed 12(b)(2)

Motion to Dismiss Based on Lack of Personal Jurisdiction. Doc. 59, RNS's Reply to Pl.'s Suppl. Resp.

7–10.

Plaintiff's Supplemental Response throws a wrinkle into the Court's analysis. Generally, the

Court's focus on in a motion to dismiss for lack of personal jurisdiction would be on the movant's

contacts with the forum state. But here, the Court has already run through that analysis in detail and

determined that Plaintiff failed to meet its burden. *See* Doc. 24, Mem. Op. & Order 8–10. With that

in mind, the Court gave Plaintiff more time to conduct additional jurisdictional discovery. *Id.* As will

soon become clear, however, Plaintiff did not. Instead, it filed its Supplemental Response arguing

that RNS waived its jurisdictional argument. *See* Doc. 59, RNS's Reply to Pl.'s Suppl. Resp. 3–6. For

that reason, Plaintiff's Supplemental Response—and RNS's motion[2] to strike it—takes center stage

in the Court's analysis: If Plaintiff's argument were right, then RNS's Renewed Motion to Dismiss

---

[1]The Court notes that the Motion in question is RNS's alone—Roc Nation plays no part in it. Yet Plaintiff's title, an augur to its argument here, identifies it as belonging to both Defendants.

[2]To be clear, RNS did not filed a standalone motion striker; rather, it moved to strike Plaintiff's Supplemental Response in its Reply to that filing. *See* Doc. 59, RNS's Reply to Pl.'s Suppl. Resp. 7.

would be moot; if not, then Plaintiff's claims against RNS should be dismissed for the same reasons that the Court has already expressed. *See* Doc. 24, Mem. Op. & Order.

## II.

## LEGAL STANDARD

A plaintiff bears the burden of establishing a trial court's jurisdiction over each defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). A plaintiff need only establish a prima facie case of jurisdiction; proof by a preponderance of the evidence is not required. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). In deciding whether the plaintiff has made a prima facie case, non-conclusory factual allegations in the complaint must be taken as true. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). The Court may also consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Spademan*, 772 F.2d at 1192. All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). The Court is not, however, required to credit conclusory factual or jurisdictional allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

A federal court sitting in diversity may exercise "jurisdiction over a nonresident defendant to the same extent" as a forum state court." *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994). A Texas state court may exercise jurisdiction over a non-resident if: (1) the nonresident is amenable to service of process under Texas's long-arm statute; and (2) asserting jurisdiction over the nonresident comports with the Constitution's Due Process Clause. *Jones*, 954 F.2d at 1067. Because

Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068.

The "minimum contacts" test can be met by contacts giving rise to either specific or general jurisdiction. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Id.* (citation omitted). To demonstrate specific jurisdiction, the plaintiff must establish both that the defendant in question undertook some activity in, or purposefully directed some act at, Texas, and that the plaintiff's claims arise out of or result from those activities. *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 325 (5th Cir. 1996). In other words, there must be "a sufficient nexus between the non[]resident's contacts with the forum and the cause of action." *Clemens v. McNamee*, 615 F.3d 374, 378–79 (5th Cir. 2010).

"General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999) (citation omitted). A plaintiff's own activity, without more, cannot justify a court's exercise of jurisdiction over a nonresident. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). "Such unilateral activity of another party

or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). The analysis ultimately reduces to whether the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thereby invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

## III.

## ANALYSIS

A.    *Plaintiff's Supplemental Response*

The first order of business is to address Plaintiff's Supplemental Response to RNS's Renewed 12(b)(2) Motion to Dismiss Based on Lack of Personal Jurisdiction . Doc. 58. As mentioned above, Plaintiff contends that both Defendants conceded to the Court's jurisdiction when Roc Nation filed its Motion for Summary Judgment. *Id.* at 3. Plaintiff argues that "[b]oth entities are obviously related, domiciled in the same state, admittedly jurisdictionally diverse, and represented by the same counsel." *Id.* at 4. That tie goes so deep, Plaintiff claims, that Roc Nation is RNS's corporate predecessor. *Id.* at 5. And "[i]f one closely-related entity voluntarily submits to the jurisdiction of the Court," Plaintiff asserts, "then the other should not be permitted to contest jurisdiction simply because it is 'wearing a different hat.'" *Id.*

What's more, Plaintiff goes on, RNS also waived its jurisdictional complaint by resisting discovery. *Id.* Plaintiff says that it served discovery on RNS in compliance with the Court's previous Order (*see* Doc. 24, Mem. Op. & Order 10) but that RNS improperly objected to its requests, claiming that they were beyond the scope of the Court's Order. Doc. 58, Pl.'s Suppl. Resp. 5–6.

Accordingly, Plaintiff concludes, the "Court should hold that [RNS] has waived its jurisdictional complaint by refusing to cooperate in discovery." *Id.*

The Court disagrees. And after reviewing the docket and the parties' briefing, finds Plaintiff's filing procedurally defective and its arguments substantively deficient.

1.     Plaintiff's "Supplemental Response" is an improper sur-reply filed in violation of the Northern District of Texas's Local Rules

In reply to Plaintiff's Supplemental Response, RNS first points out that the filing violates the Northern District of Texas's Local Rules. Doc. 59, RNS's Reply to Pl.'s Suppl. Resp. 7. The Court concurs.

The Northern District of Texas's Local Rules contemplate three basic steps to motion practice: (1) the motion itself; (2) the non-movant's response; and (3) the movant's reply. *See* N.D. Tex. Civ. R. 7.1. And "[e]xcept for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." N.D. Tex. Civ. R. 56.7; *see also Barrack v. UNUM Am. Life Ins. Co.*, 409 F. Supp. 2d 782, 785 (N.D. Tex. 2006) (applying Local Rule 56.7 to motion to dismiss). Plaintiff's Supplemental Response—which, in reality, was a sur-reply—was a supplemental pleading and brief. Therefore Plaintiff was required to obtain leave of court before filing. It did not. And so the Court **STRIKES** Plaintiff's Supplemental Response (Doc. 58).

But to be clear—and to dissuade any notion that a different outcome was just a request for leave away—the Court would not have granted Plaintiff leave to file a sur-reply even had it asked. "Sur-replies, and any other filing that serves the purpose of a sur-reply" (*e.g.*, Plaintiff's Supplemental Response), "are highly disfavored, as they usually are a strategic effort by the non-movant to have

the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Simply put, they most often are unhelpful and serve only to permit pleadings beyond Local Rule 7.1. *Id.* For that reason, "[a] sur-reply is appropriate only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Brackens v. Dallas Ind. Sch. Dist.*, No. 3:09-cv-0642-D, 2010 WL 5464823, at *5 (N.D. Tex. Sept. 20, 2010) (internal quotations marks and citations omitted). In other words, under exceptional circumstances only, and even then leave of court is still required. *See Lacher*, 147 F. Supp. 2d at 539–40.

These are not exceptional circumstances and leave of court "was neither requested nor given." *Barrack*, 409 F. Supp. 2d at 785. Instead, Plaintiff's Supplemental Response looks like a textbook strategic effort to have the last word on a matter—exactly what the Local Rules seek to prevent. Yet even if the Court overlooked all of its procedural shortcomings, Plaintiff's Supplemental Response would still fall flat.

    2.    <u>Even if Plaintiff's Supplemental Response were procedurally permissible, its arguments lack merit</u>

Plaintiff's Supplemental Response advances two theories as to why RNS's Renewed Motion to Dismiss should be denied: (1) Roc Nation and RNS are so related that RNS acquiesced to the Court's jurisdiction when Roc Nation filed its Motion for Summary Judgment; and (2) RNS waived its jurisdictional complaint by failing to cooperate in discovery. *See* Doc. 58, Pl.'s Suppl. Resp. 3–6. But as RNS explains in its Reply, both of those arguments miss the mark. *See* Doc. 59, RNS's Reply to Pl.'s Suppl. Resp. 7–10.

For starters, RNS and Roc Nation are separate entities that act independently from one another. *Id.* at 7–9. The Court has already clarified that issue. *See* Doc. 24, Mem. Op. & Order 2 n.2

(internal citations omitted) ("Official Brands alleges that Bryant's contracts were with both Defendants. The Court need not determine Roc Nation's involvement here, though, because only RNS filed this Motion."). More to the point, though, Plaintiff provided no evidence to the contrary or, for that matter, any evidence at all. *See* Doc. 58, Pl.'s Suppl. Resp. 3–6. Instead, Plaintiff merely says that both entities are "obviously related," and on that basis concludes that "i[f] one closely-related entity voluntarily submits to the jurisdiction of the Court, then the other should not be permitted to contest jurisdiction simply because it is 'wearing a different hat.'" *Id.* at 4–5.

Generally speaking, a corporation's alter ego or successor entity is bound by that corporation's waiver of personal jurisdiction. *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 653–54 (5th Cir. 2002). But Plaintiff bore the burden of proof to establish that RNS and Roc Nation shared such a relationship. *See Panda Brandywine*, 253 F.3d at 868–69. Plaintiff did not meet that burden; instead it provided only conclusory statements that the Court need not credit. *See id.* That is not enough. *Id.* Accordingly, the Court rejects Plaintiff's first waiver argument.

As to Plaintiff's second argument about RNS's purported refusal to cooperate in discovery, the Court is similarly unpersuaded. Plaintiff claims that it sent RNS interrogatories that "specifically requested details of contacts between Defendants and Dez Bryant and any of his representatives or agents, including what was discussed in the contact." Doc. 58, Pl.'s Suppl. Resp. 5. RNS then objected to them as overbroad. *Id.* And, Plaintiff concludes, because the Court's Order explicitly allowed discovery into the contents of Defendants' communications, RNS's refusal to respond was improper and waived its jurisdictional complaint. *Id.* at 6.

To begin, Plaintiff again conflates RNS with Roc Nation or otherwise lumps the two together. The Court's earlier Order allowed discovery "with respect to the substance of RNS's communications

- 9 -

with Bryant and where they were received." Doc. 24, Mem. Op. & Order 9. So by Plaintiff's own admission, its interrogatories—which requested not RNS's but *Defendants'* communications—exceeded the scope of discovery allowed by the Court.

But more importantly, Plaintiff's version of the story skirts a number of details that give it altogether different tone. RNS did not refuse to answer Plaintiff's interrogatories or otherwise cooperate in discovery; rather, it served objections and responses to Plaintiff's discovery and then requested a protective order before sending over the requested communications themselves. *See, e.g.,* Docs. 43, RNS's Reply 2; 43-2, Ex. D, Discovery Resps. Plaintiff received that information and then sat on its hands, despite another attempt by RNS to facilitate delivery of the requested communications. Docs. 43, RNS's Reply 2–3; 43-3, Ex. E, Frazier Letter. Once the discovery window had closed, RNS filed its Renewed Motion to Dismiss. Doc. 43, RNS's Reply 3. Plaintiff, still having not communicated with RNS about its discovery responses, then moved to extend its deadline to respond to that Motion, arguing that it needed "additional time to determine if Defendants' responses indeed show a lack of jurisdiction." Doc. 40, Pl.'s Mot. Extend Time to Respond to Defs.' Renewed Mot. Dismiss ¶ 2. Overlooking yet another instance of Plaintiff confusing one Defendant for both, the Court granted the Motion, thus extending the deadline by one month, and ordered Plaintiff to respond by May 27, 2016. Doc. 41, Elec. Order.

Again, however, it appears Plaintiff remained inert. Indeed, on May 26—just one day before the Court's extension expired—Plaintiff emailed RNS for the first time about the discovery at issue, and only to ask for another copy of RNS's responses. Docs. 43, RNS's Reply 4; 43-5, Ex. G, Email Chain Between Counsel for RNS and Pl. Plaintiff's counsel, it seems, lost the first copy. *Id.* And then on May 27—the day Plaintiff's Response was due and *three months after its window for jurisdictional*

*discovery had closed*—Plaintiff emailed RNS to ask for "the documents reflecting the communications," that RNS had been trying to send over for months but made no mention of RNS's requested protective order. Docs. 43, RNS's Reply 4; 43-6, Ex. H, Correspondence from Pl.'s Counsel.

To sum up, Plaintiff had four opportunities to address the concerns raised here—not one but two discovery periods to collect evidence establishing the Court's jurisdiction over RNS or dispute RNS's responses to its discovery requests, 21 days under the Local Rules to respond to RNS's Renewed Motion to Dismiss, and finally another month to respond granted by the Court. Of those four it chose the fifth, instead opting for a procedurally defective Supplemental Response that continually confused one Defendant for another and offered no evidence and scant authority to support its arguments. Thus, as stated above, the Court **STRIKES** Plaintiff's Supplemental Response to RNS's Renewed 12(b)(2) Motion to Dismiss Based on Lack of Personal Jurisdiction because it was procedurally defective. In so doing, the Court also disposes of Plaintiff's incorrect argument about RNS's waiver of its jurisdictional complaint.

B.     *RNS's Renewed Motion to Dismiss*

In its Complaint, Plaintiff alleges two causes of action against RNS: (1) tortious interference with existing contracts; and (2) tortious interference with prospective contractual relations. *See* Doc. 24, Mem. Op. & Order 6–7. As mentioned, RNS has previously moved to dismiss those claims on the grounds that the Court lacks personal jurisdiction over it. Doc. 6, RNS's Mot. Dismiss. And the Court has already determined that Plaintiff failed to carry its burden to show that the Court may exercise personal jurisdiction over RNS. Doc. 24, Mem. Op. & Order 8. Nevertheless, the Court permitted Plaintiff an opportunity to conduct additional jurisdictional discovery.

- 11 -

In the interim, the Court dismissed Plaintiff's tortious interference with prospective contractual relations claim on unrelated grounds. *See* Doc. 36, Order. As to the tortious interference with existing contracts claim, Plaintiff failed to gather any evidence establishing the Court's authority to exercise jurisdiction over RNS and, as stated above, its Response to RNS's Renewed Motion to Dismiss just complained about RNS's allegedly improper refusal to answer discovery requests that were overbroad on their face. *See* Doc. 42, Pl.'s Resp. 1–4. Plaintiff therefore failed to carry its burden. And so, for the reasons set forth in its previous Memorandum Opinion and Order, the Court determines that it lacks personal jurisdiction over RNS. *See* Doc. 24, Mem. Op. & Order 5–8. Thus, Plaintiff's claims against RNS should be dismissed.

## IV.

## CONCLUSION

For the above reasons, the Court **GRANTS** RNS's Renewed 12(b)(2) Motion to Dismiss Based on Lack of Personal Jurisdiction (Doc. 37) and **DISMISSES** all of Plaintiff's claims against RNS.

SO ORDERED.

SIGNED: January 23, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE