UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OFFICIAL BRANDS, INC., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-2199-B |
| | § | |
| ROC NATION SPORTS, LLC and ROC | § | |
| NATION, LLC, | § | |
| | § | |
|    Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Roc Nation, LLC's Motion for Summary Judgment (Doc. 44).

For the reasons that follow, the Court **GRANTS** the Motion.

## I.

## BACKGROUND[1]

This case is based on Defendants Roc Nation, LLC (Roc Nation) and Roc Nation Sports,

LLC's (RNS) alleged interference with a contract between Plaintiff Official Brands, Inc. and Dallas

Cowboys wide receiver Dez Bryant. The facts in this case have been laid out a number of times, so

the Court need not do so again here. *See* Docs. 61, Mem. Op. & Order 1–3; 24, Mem. Op. & Order

1–2; 25, Mem. Op. & Order 1–2. To summarize, however, Official Brands is a Florida corporation

and RNS is a Delaware limited liability company. Doc. 1-4, Original Pet. ¶¶ 2–3. According to

---

[1]This section is, in many respects, identical to the "Background" section in the Memorandum
Opinion and Order (Doc. 61) filed immediately before this. The Court realizes that this is redundant but, in
light of the confusion on Plaintiff's part that will rear its head below, finds it helpful to keep each set of facts
and analysis somewhat self-sufficient and -contained.

Official Brands, it signed a contract with Bryant, acting on behalf of his company Dez I Enterprises, in 2014 to develop and market his proposed brand, known as "Throw up the X." *Id.* ¶¶ 11–12. The contract was to run from July 1, 2014 until June 30, 2016. *Id.* ¶ 12. But in February 2015, Bryant terminated the contract and "ceased all contact with" Official Brands. *Id.* ¶ 22. The reasons behind the relationship's abrupt end are the subject of this litigation, as Official Brands alleges that Roc Nation and RNS improperly influenced Bryant's decision.

RNS and Roc Nation disagree. Accordingly, each filed a motion to dismiss. Roc Nation moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Doc. 4, Roc Nation's Mot. Dismiss, or Alternatively, Mot. for More Definite Statement. The Court granted in part and denied in part that Motion. *See* Doc. 25, Mem. Op. & Order.

RNS, for its part, asserted that the Court lacked personal jurisdiction over it and moved to dismiss Officials Brand's claims under Federal Rule of Civil Procedure 12(b)(2). *See* Doc. 6, RNS's Mot. Dismiss. The Court determined that Official Brands failed to carry its burden to show that the Court could exercise specific jurisdiction over RNS. Doc. 24, Mem. Op. & Order 8. Nevertheless, the Court denied RNS's Motion without prejudice and allowed Official Brands to conduct jurisdictional discovery "limited to the issue of RNS's electronic communications with Bryant and where such communications were received" for three months. *Id.* at 10. One month after that discovery deadline expired, RNS re-urged its personal jurisdiction argument and filed a Renewed 12(b)(2) Motion to Dismiss Based on Lack of Personal Jurisdiction. Doc. 37, RNS's Renewed Mot. Dismiss.

Independent of those filings, Roc Nation moved for summary judgment a month later. Doc. 44, Roc Nation's Mot. Summ. J. So each Defendant had separate but, broadly speaking,

contemporaneously filed dispositive motions pending before the Court at the same time. Plaintiff saw some larger connection between the two filings—and, for that matter, Defendants—and in a Supplemental Response argued that Roc Nation's Motion for Summary Judgment somehow waived RNS's jurisdictional complaint. *See* Doc. 58, Suppl. Resp. to Def.'s Renewed Mot. Dismiss for Want of Jurisdiction. The Court, after striking Plaintiff's Supplemental Response as procedurally defective, rejected Plaintiff's argument and concluded that it lacked personal jurisdiction over RNS. *See* Doc. 61, Mem. Op. & Order 6–11. Accordingly, the Court granted RNS's Renewed Motion to Dismiss and dismissed all of Plaintiff's remaining claims against it. *Id.* at 12. That left Roc Nation's Motion for Summary Judgment alone to be decided.

To that end, Plaintiff filed a Response, Roc Nation a Reply. Docs. 49, Pl.'s Resp. to Roc Nation's Mot Summ. J. [hereinafter Pl.'s Resp.]; 52, Roc Nation's Reply Opp'n Pl.'s Resp. to Mot. Summ. J [hereinafter Roc Nation's Reply]. Thus, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. *Id.* at 322–23.

If the movant meets that burden, then it falls to the non-movant to "show with significant probative evidence that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal quotation marks omitted) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). And significant probative evidence is just that: significant. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). "[M]etaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Id.* (internal citations and quotation marks omitted). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 324).

To be sure, the court views evidence in the light most favorable to the non-movant when determining whether a genuine issue exists. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But it need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Simply put, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence

supports [its] claim." *Id.* If it cannot, then the court must grant summary judgment. *Little*, 37 F.3d at 1076.

### III.

### ANALYSIS

Plaintiff originally asserted two causes of action against Roc Nation: (1) tortious interference with existing contracts; and (2) tortious interference with prospective contractual relations. *See* Docs. 1-4, Pl.'s Orig. Pet. 9–10; 25, Mem. Op. & Order 5. Plaintiff also argued that it was entitled to exemplary damages. Doc. 1-4, Pl.'s Orig. Pet. 10. The Court has already dismissed Plaintiff's claim for tortious interference with prospective contractual relations. *See* Doc. 25, Mem. Op. & Order 13. Thus, only Plaintiff's claim for tortious interference with existing contracts and the issue of exemplary damages remain.

Plaintiff bears the burden of proving each at trial. With that in mind, Roc Nation's Motion for Summary Judgment argues that there is a "complete lack of evidence that Roc Nation had anything to do with Plaintiff or its contracts with third parties," including Bryant. Doc. 44, Roc Nation's Mot. Summ. J. 4. In other words, Roc Nation claims that Plaintiff has no evidence to support its case. *Id.* at 1–4. Thus, its case ought to be dismissed. *Id.*

To prevail on a claim for tortious interference with an existing contract, a plaintiff must show: "(1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). The alleged interference generally must have induced a breach of the contract to be actionable. *ACS Inv'rs, Inc.*

*v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997) ("Ordinarily, merely inducing a contract obligor to do what it has a right to do is not actionable interference.").

Exemplary damages "may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." Tex. Civ. Prac. & Rem. Code. § 41.003. To succeed on a claim of fraud, a party must show:

> (1) a material misrepresentation was made; (2) it was false; (3) when the misrepresentation was made, the speaker knew it was false or the statement was recklessly asserted without any knowledge of its truth; (4) the speaker made the false representation with the intent that it be acted on by the other party; (5) the other party acted in reliance on the misrepresentation; and (6) the party suffered injury as a result.

*Kajima Int'l, Inc. v. Formosa Plastics Corp., USA*, 15 S.W.3d 289, 292 (Tex. App.—Corpus Christi 2000, pet. denied) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990)). To prove malice, a party must show "specific intent by the defendant to cause substantial injury or harm to the claimant." Tex. Civ. Prac. & Rem. Code § 41.001(7). Gross negligence, by contrast, means an act or omission: (1) that "when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others;" and (2) "of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." *Id.* § 41.001(11).

After reviewing the parties' pleadings and briefing, the Court concludes that there is, as Roc Nation notes, an utter dearth of evidence to support Plaintiff's case. Plaintiff itself concedes as much. *See* Doc. 50, Pl.'s Br. Supp. Pl.'s Resp. 2 ("Without the Court permitting substantive discovery,

Plaintiff cannot refute Defendant's factual allegations.") [hereinafter Pl.'s Resp. Br.]. And so Plaintiff

has failed to meet its burden. Nevertheless, Plaintiff contests, the Court should forestall summary

judgment because Plaintiff has not had the chance to conduct meaningful discovery. *Id.*

More specifically, Plaintiff asserts that the Court's previous Memorandum Opinion and Order

(Doc. 24), which ruled on Roc Nation's co-defendant RNS's Motion to Dismiss, prohibited Plaintiff

from conducting discovery on the merits with regard to Roc Nation:

> Obviously, Plaintiff cannot respond to these factual allegations without conducting
> discovery on the merits, which at present, is not permitted. This Court permitted only
> "discovery limited to the issue of RNS' electronic communications with Bryant and
> where such communications were received," in response to the *motions to dismiss for*
> *want of jurisdiction filed by Defendant and co-defendant Roc Nation Sports, LLC.*

Doc. 50, Pl.'s Resp. Br. 3 (emphasis added). Thus, Plaintiff posits, summary judgment would be

premature and the Court should grant it time to conduct additional discovery under Federal Rule

of Civil Procedure 56(d). *Id.* at 3–5.

In reply, Roc Nation notes that the Order in question impacted discovery only as to RNS,

so in reality Plaintiff was able to conduct merits discovery on Roc Nation for more than a year. Doc.

52, Roc Nation's Reply 3–4. What's more, Roc Nation goes on, Plaintiff has failed to show good

cause to justify amending the Court's Scheduling Order (Doc. 32) to provide for additional discovery.

Doc. 52, Roc Nation's Reply 4–5. And that, Roc Nation concludes, together with Plaintiff's lack of

evidence to support its case, entitles Roc Nation to summary judgment. *Id.* at 5–6.

The Court agrees with Roc Nation. Plaintiff's argument echoes the failed position it took in

response to RNS's Renewed Motion to Dismiss that blends Roc Nation and RNS into a single actor.

*See* Doc. 61, Mem. Op. & Order 8–10. The Court has made plain that RNS and Roc Nation are two

distinct entities, and that each acts on its own behalf. *See id.*; *see also* Doc. 24, Mem. Op. & Order

2 n.2 (internal citations omitted) ("Official Brands alleges that Bryant's contracts were with both Defendants. The Court need not determine Roc Nation's involvement here, though, because only RNS filed this Motion."). Yet Plaintiff still wrongly imparts one's actions to the other, arguing that the Court's Order in response to the "motions to dismiss for want of jurisdiction filed by [Roc Nation] and co-defendant [RNS]" prevents it from conducting discovery on the merits as to its claims against Roc Nation. Doc. 50, Pl.'s Resp. Br. 3.

Roc Nation has never moved to dismiss Plaintiff's claims for want of personal jurisdiction—that was RNS. *See* Docs. 6, RNS's 12(b)(2) Mot. Dismiss Based on Lack of Personal Jurisdiction; 37, RNS's Renewed 12(b)(2) Mot. Dismiss Based on Lack of Personal Jurisdiction. Roc Nation instead argued that Plaintiff's Original Petition should be dismissed for failure to state a claim. *See* Doc. 4, Roc Nation's Mot. Dismiss, or Alternatively, Mot. for More Definite Statement. The Court treated each motion—submitted separately by each Defendant—as a distinct filing and responded to each in kind with two separate opinions. *See* Docs. 24, Mem. Op. & Order; 25, Mem. Op. & Order. So when the Court disposed of RNS's jurisdictional complaint, its analysis and conclusions *were clearly limited to RNS*. *See* Doc. 24, Mem. Op. & Order 10. In other words, it was obvious from the Memorandum Opinion and Order's language that its discovery limitations applied only to RNS and did not implicate Roc Nation.

At bottom, Plaintiff's position is untenable—Plaintiff mistakenly believed that the Court's discovery limitation as to one Defendant applied to both and therefore declined to conduct merits discovery on Roc Nation altogether. To accept Plaintiff's argument to the contrary requires adopting the misguided belief that Roc Nation and RNS are one-in-the-same. The Court declines to do so and therefore concludes that Plaintiff's failure to conduct discovery was the result of its own error.

From that perspective, the Court considers Plaintiff's request for additional discovery under Federal Rule of Civil Procedure 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its position, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56(d) motions are 'broadly favored and should be liberally granted.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). With that in mind, affidavits, while preferable, are not absolutely necessary: "[A] party's brief in which it opposes the motion for summary judgment and advises the court of the need for additional discovery serves as the 'functional equivalent' of a Rule 56(d)(1) motion and affidavit." *Velasquez v. WCA Mgmt. Co.*, No. 4:15-cv-2329, 2016 WL 4440332, at *8 (S.D. Tex. Aug. 23, 2016) (citing *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)). That said, Rule 56(d)'s shield to the nonmovant is not without its limits: The nonmovant must diligently pursue relevant discovery to fall within its protection. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). If the nonmovant fails to diligently pursue discovery, then the court need not accommodate its request. *Id.*; *see also* 14 Charles Alan Wright et al., Federal Practice & Procedure § 2740 (explaining that Rule 56(d) "will not be liberally applied to aid parties who have been lazy or dilatory").

Plaintiff's efforts at discovery here were deficient, not diligent. As Roc Nation points out in its briefing, Plaintiff had over a year to pursue discovery against Roc Nation. Doc. 52, Roc Nation's Reply 3. Yet it failed to do so—or otherwise voice its concerns about discovery to the Court—because it believed that the Court's denial of RNS's Motion to Dismiss somehow limited

discovery on Roc Nation. It did not. And Plaintiff's "failure to conduct discovery based on an incorrect assumption about a legal issue does not entitle [it] to a new opportunity to conduct additional discovery." *Nicholson v. Securitas Sec. Servs. USA, Inc.*, No. 4:14-cv-172-O, 2015 WL 12916417, at *3 (N.D. Tex. June 9, 2015) (citing *Potter v. Delta Air Lines*, 98 F.3d 881, 887 (5th Cir. 1996) ("If [plaintiff] needed more discovery in order to defeat summary judgment, it was up to her to move for a continuance.")).

In sum, Plaintiff "had ample time and sufficient opportunities to conduct the discovery" that it claims was denied to it. *Walls v. Gen. Motors, Inc.*, 906 F.2d 143, 147 (5th Cir. 1990). It did not and as a result failed to carry its burden in response to Roc Nation's Motion for Summary Judgment. To be sure, that is a poor result for Plaintiff. But it is a result of Plaintiff's own doing—Plaintiff "cannot now lay [its] failure to conduct discovery at the feet of the" Court and call foul. *Id.*; *see also Snoddy v. City of Nacogdoches*, 98 F. App'x 338, 341 (5th Cir. 2004). Accordingly, the Court **DENIES** Plaintiff's request for relief under Federal Rule of Civil Procedure 56(d) and concludes that Roc Nation is entitled to summary judgment on Plaintiff's claim for tortious interference with existing contracts and request for exemplary damages.

As a final note, the Court recognizes that Roc Nation's Reply to Plaintiff's request for additional discovery under Rule 56(d) focuses more on Plaintiff's failure to show good cause to amend the Scheduling Order than on Rule 56(d) itself. Doc. 52, Roc Nation's Reply 3; *see also* Fed. R. Civ. P. 16(b). Rule 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent," is tied to Rule 56(d) in this context, so considering Plaintiff's request in light of both is proper. *See, e.g.*, *Integracolor, Ltd. v. McClure*, No. 3:13-cv-4357-B, 2014 WL 4209577, at *2–3 (N.D. Tex. Aug. 26, 2014). In determining what constitutes good

cause, courts consider four factors: "(1) the explanation for the failure to complete discovery on time; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012).

Roc Nation's briefing succinctly captures why those factors weigh against Plaintiff. *See* Doc. 52, Roc Nation's Reply 4–5. In short, the prospect of potentially important discovery for Plaintiff is outweighed by Plaintiff's meager explanation for failing to complete discovery on time in the first place and the potential prejudice to Roc Nation endemic to uprooting long-established deadlines. *Id.* at 5 (citing *Prevmed, Inc. v. MNM-1997, Inc.*, No. H-15-2856, 2016 WL 3773399, at *5–11 (S.D. Tex. July 8, 2016)). On that basis, the Court concludes that Plaintiff failed to show good cause to amend the Scheduling Order and **DENIES** its request for additional time to complete discovery on those grounds, too.

## IV.

## CONCLUSION

For the above reasons, the Court **GRANTS** Roc Nation's Motion for Summary Judgment (Doc. 44) and **DISMISSES with prejudice** Plaintiff's suit against Roc Nation.

**SO ORDERED.**

**SIGNED: January 23, 2017**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 11 -